MEMORANDUM**
Yovivi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (BIA) order dismissing her appeal from an immigration judge’s decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. Zehatye v. Gonzales, 453 F.3d *595 1182, 1185 (9th Cir.2006). We deny the petition for review.
We have jurisdiction to review the BIA’s timeliness determination because the BIA improperly required corroboration of Yovivi’s alleged relationship with an immigration consultant to assist her in timely preparing her application. See Singh v. Holder, 649 F.3d 1161 (9th Cir. 2011). However, the BIA also reached the merits of Yovivi’s claim that “extraordinary circumstances” excuse her untimely asylum application, finding Yovivi’s proffered evidence insufficient to merit relief. Yovivi provided unsubstantiated testimony and an unauthenticated letter allegedly from an immigration consultant to show she attempted to timely file for asylum.
The evidence Yovivi provided does not compel the conclusion that she established changed or extraordinary circumstances sufficient to excuse the delay in filing her asylum application. See 8 C.F.R. § 1208.4(a)(4), (5). Thus, Yovivi’s asylum claim fails.
Substantial evidence supports the agency’s finding that the harm Yovivi suffered did not rise to the level of persecution. See Wakkary v. Holder, 558 F.3d 1049, 1059-60 (9th Cir.2009). Substantial evidence also supports the agency’s finding that, even under a disfavored group analysis, Yovivi did not present sufficient evidence of an individualized risk to demonstrate a clear probability of future persecution. See id. at 1066. The record does not compel the conclusion that there is a pattern or practice of persecution of Chinese Indonesians or Chinese women in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc). Accordingly, Yovivi’s withholding of removal claim fails.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.